FILED
2007 Apr-18  AM 11:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERALD JACKSON and** | ] | |
| **BENITA JACKSON,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Case No.:  2:07-CV-393-VEH** |
| | ] | |
| **WELLS FARGO HOME** | ] | |
| **MORTGAGE, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiffs Jerald and Benita Jackson initiated this lawsuit in the Circuit Court of Jefferson County on January 18, 2007.  (Doc. #1 at Compl.).  On February 28, 2007,  Defendant Wells Fargo Home Mortgage's ("Wells Fargo") removed the litigation to this court.  (Doc. #1).  Wells Fargo based its removal upon federal court diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. #1 ¶ 4).

Pending before the court is the Jacksons' Motion to Remand in Response to Wells Fargo's Notice of Removal (Doc. #5) ("Motion to Remand") filed on March 30, 2007.  The parties have filed their briefs and the Jacksons' Motion to Remand is now ripe for a decision.  As discussed more fully below, the Jacksons' Motion to Remand is due to be granted, and the case is due to be remanded to the Circuit Court

of Jefferson County.

## II.   BACKGROUND

The Jacksons' complaint alleges reckless and wanton hiring, training and supervision and an invasion of the right to privacy.  (Doc. #1 at Compl.).  The pleading further seeks compensatory and punitive damages in the amount of forty-nine thousand, five hundred dollars ($49,500.00).  (*Id.*).  The complaint also states: "Defendants are on notice that this ad damnum will be amended and increased, as appropriate as this case evolves."  (Doc. #1 at Compl. at 4).

The Jacksons are both residents of the State of Alabama.  (Doc. #5 ¶ 2).  Wells Fargo, the only named defendant (Doc. #5 ¶ 3), is a California corporation with its principal place of business also located in California.  (Doc. #1 ¶ 6).

## III.   ANALYSIS

### A.   Burden on Removal

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on Wells Fargo, the removing defendant.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists.") (citation omitted).  "The court should determine its jurisdiction over the case 'based upon the plaintiff's pleadings at

the time of removal.'" *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala.  2003).

"[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).  In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand.  *Lowe's*, 995 F. Supp. at 1389 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied*, 520 U.S. 1162 (1997)) (other citation omitted).

## B.     Diversity Jurisdiction Generally

Section 1332 provides, in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   28 U.S.C. § 1332(a); *see also Best Buy*, 269 F.3d at 1319 ("Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000.").

3

### C.    Amount in Controversy Requirement

Both the Jacksons and Wells Fargo agree that complete diversity exists in this action. (Doc. # 1 ¶¶ 5-6; Doc. #7 ¶ 6). Accordingly, the parties' dispute is over whether the Jacksons' claims in this case meet the amount in controversy requirement, despite the fact that the Jacksons only seek recovery for damages in the amount of $49,500.00 in their complaint, but reserve the right to amend this amount, if warranted. (Doc. #1 ¶ 9; *id.* at Compl. at 4).

"Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, the plaintiff is still the master of his own claim." *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n.7(1987)) (other citations omitted). Moreover, a "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095 (citations omitted).

In *Burns*, the Eleventh Circuit adopted the following standard to apply when the face of the complaint specifically demands an amount less than the jurisdictional

4

minimum:

> Considering the specific nature of plaintiff's damage claim, we conclude that, to avoid a remand, defendant must prove to a legal certainty that plaintiff's counsel has, in effect, done one or the other. That is, defendant must prove to a legal certainty that plaintiff's claim must exceed $50,000. This strict standard is consistent with case law and congress' policy of limiting federal diversity jurisdiction.

31 F.3d at 1095-96.[1]

Wells Fargo argues that *Burns* is not applicable because of the Jacksons' express notice that they reserve the right to amend their damages claim "as appropriate as the case evolves." Additionally, Wells Fargo relies upon the Jacksons' refusal not to execute "a stipulation agreeing that the amount in controversy will be less than the jurisdictional minimum" as "[t]he single most important evidence of the amount in controversy in this case[.]" (Doc. #9 at 6). Admittedly, *Burns* may not squarely address the precise issue before this court, but a logical extension of the decision's scope certainly does.

In *Burns*, the defendant argued that the specifically demanded amount was essentially a sham, and that the door was open for plaintiff to recover more. In determining that the defendant failed to meet the legal certainty standard, the

---

[1]Since the issuance of the decision in *Burns*, Congress has raised the jurisdictional minium to $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1132(a).

Eleventh Circuit observed:

> Defendant relies heavily on plaintiff's position that "at present her demand is only $45,000" (emphasis in original) and stresses the fact that she may ultimately recover more.  Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal.  *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347, 348, 83 L. Ed. 334 (1939); *Coker*, 709 F.2d at 1440; *ANPAC*, 988 F.2d at 564-65. At the time defendant removed this case, the most important jurisdictional fact was that plaintiff's complaint specified $45,000 in damages. That plaintiff might ask for or recover more after removal is not sufficient to support jurisdiction. *ANPAC*, 988 F.2d at 564-65; *see also Opelika Nursing Home v. Richardson*, 448 F.2d 658, 664 (5th Cir.1971).

31 F.3d at 1097 n.13.

Comparable to *Burns*, in this instance, the door is expressly left open for the Jacksons to recover more than the amount specifically demanded in their complaint. However, similar to *Burns*, "the most important jurisdictional fact" in this case is that the Jacksons' complaint specifically demands $49,500.00.  31 F.3d 1092, 1097 n.13.

The fact that the Jacksons have declined to enter into a stipulation as to their damages or that they may "ask for [(by an amendment or otherwise)] or recover more *after* removal is not sufficient to support jurisdiction."  31 F.3d 1092, 1097 n.13 (citations omitted).  A possibility of an amended demand or a higher recovery does not translate into a legal certainty that one will occur.  For example, even if the Jacksons determine that an amendment to their damages claim is appropriate as the case progresses, there is no certainty that such an increase would even meet the

6

jurisdictional threshold, much less that their recovery would. *See Burns*, 31 F.3d at 1096 n.9 (comparing specifically demanded amount in controversy cases to those discussing burden of proof on removal based upon fraudulent joinder) ("In a similar way, we conclude that when [a] plaintiff's complaint specifically seeks less than $50,000, if there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, a federal court must remand the case.").

Wells Fargo maintains that, instead of the *Burns* legal certainty standard, this court should apply the lesser standard of proof outlined in *Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) ("Thus, we hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement."), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000) (applying first panel rule on aggregation of punitive damages).[2] Therefore, the plain language of the *Tapscott* opinion calls for the application of the preponderance of the evidence standard when a plaintiff's demand is silent as to a specific amount.

In particular, Wells Fargo argues that because counsel for the Jacksons has breached his duty of candor to the court in setting forth the demand in the Jacksons'

---

[2]Wells Fargo offers no case authority for this proposition.

complaint, application of the *Tapscott* standard of proof is appropriate on removal.

Once again, the scope of the *Burns* opinion addresses the issue of candor to the

tribunal in the context of a specific monetary demand:

> Every lawyer is an officer of the court.  And, in addition to his
> duty of diligently researching his client's case, he always has a duty of
> candor to the tribunal.  So, plaintiff's claim, when it is specific and in a
> pleading signed by a lawyer, deserves deference and a presumption of
> truth.  We will not assume-unless given reason to do so-that plaintiff's
> counsel has falsely represented, or simply does not appreciate, the value
> of his client's case.  Instead, we will assume that plaintiff's counsel best
> knows the value of his client's case and that counsel is engaging in no
> deception.  We will further presume that plaintiff's counsel understands
> that, because federal removal jurisdiction is in part determined by the
> amount of damages a plaintiff seeks, the counsel's choices and
> representations about damages have important legal consequences and,
> therefore, raise significant ethical implications for a court officer.

*Burns*, 31 F.3d  at 1095 (footnote omitted).  Therefore, the Eleventh Circuit will

customarily defer to a plaintiff lawyer's assessment of the value of his client's case.

While *Burns* does speak to an exception to this general rule of deference when "given

reason to do so[,]" the mere disagreement between opposing counsel as to the

propriety of a specific demand alleged in a complaint is essentially what the Eleventh

Circuit faced in *Burns*, and accordingly, that type of conflict is insufficient to support

the application of the exception.

Moreover, the Eleventh Circuit acknowledged in *Burns* that a full proof

measure to ensure unscrupulous pleaders from avoiding federal court was not

envisioned by Congress in providing for removal. *Burns*, 31 F.3d at 1097 n.12 ("Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction."). Accordingly, Wells Fargo's efforts as to the application of the *Tapscott* preponderance of the evidence standard are unpersuasive in light of its express and unambiguous holding as well as the candor and avoiding federal jurisdiction language of the *Burns* opinion.

Finally, the legal certainty "standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $[75],000." *Burns*, 31 F.3d at 1096 (citation omitted). However, Wells Fargo has not met the *Burns* legal certainty standard, and, the less stringent *Tapscott* standard simply does not apply. Therefore, the Jacksons' Motion to Remand is due to be granted.

## IV.   CONCLUSION

For the reasons explained above, the Jacksons' Motion to Remand is due to be granted. The court will enter a separate order.

9

**DONE** and **ORDERED** this 18th day of April, 2007.

**VIRGINIA EMERSON HOPKINS**
**United States District Judge**